PATRICK MULLAIN vs. HARVEY THOMAS, JR.

A seller of a horse represented him to be six years old and sound, and at the same time made other representations as to his qualities. The purchaser requested a written warranty of the age and soundness, which the seller gave. Held that, in the absence of fraud in the making of the other representations, they were merged in the written contract.

TRESPASS ON THE CASE for fraud in the sale of a horse; brought to the Court of Common Pleas of New Haven County, and tried to the court upon the general issue, before *Peck, J.* The court found the following facts.

On the 15th day of May, 1874, the defendant sold a horse to the plaintiff, and gave him a warranty in writing in the following words: "Southbury, May 15, 1874. I, Harvey Thomas, Jun., sold a bay horse to Patrick Mullain. I warrant the said horse this day to be sound, and not to be over six years old. HARVEY THOMAS, JR."

Previous to the sale of the horse, and to induce the plaintiff to purchase, the defendant stated to the plaintiff that the horse was not over six years old, and perfectly sound, and was kind and gentle to work double, but required some breaking to drive single. The plaintiff requested a written warranty of the age and soundness, which the defendant gave him in writing as above. Thereupon the plaintiff gave his note to the defendant for $150, the price agreed upon, which has not yet been paid.

The horse was not over six years old, and was sound, and worked well with another horse, but was restive, not broken, and entirely unsafe to drive single, which was well known to the defendant at the time of the sale, and the plaintiff was unable to drive the horse single. He ran and broke the buggy of the plaintiff, while he was attempting to drive him single, and afterwards broke another wagon in which he was being driven single by the plaintiff. The plaintiff attempted to break the horse to drive single, but failed to break him. Objection was made by counsel for the defendant to the testimony of the conversation of the parties prior to

the sale of the horse, on the ground that it was not admissible to add to, vary, or contradict the written warranty given by the defendant to the plaintiff; and the testimony was received subject to the objection.   On the first day of September, 1874, the horse was taken by the plaintiff to the residence of Harvey Thomas, and left in the barn of said Thomas, in the absence of the defendant.   The defendant then resided with said Harvey, who was his father.

Upon these facts the plaintiff claimed that a clear case of fraud, or of representations known to the defendant to be false and fraudulent, sufficient to avoid the contract, had been established; that the giving of a written warranty as to a part of the representations made by the defendant, known by him to be true, while the other representations, which induced the sale, known by him to be false, were not also reduced to writing, was in itself a trick, and conclusive evidence of fraud; that the parties did not intend to reduce their contract of sale to writing, and that therefore the statute of frauds had no application to the case; that the court ought not to sustain the defendant's objection to the proof offered by the plaintiff as to the representations of the defendant made prior to the sale, to induce the sale, because those representations were false, and intentionally fraudulent, and were not intended by the parties to be included in the warranty, which was reduced to writing; and that the written warranty was a matter by itself, having reference to the subjects of age and soundness only.

But the court overruled all the claims of the plaintiff, sustained the objections of the defendant, and rendered judgment for the defendant.

The plaintiff moved for a new trial.

*W. Cothren,* in support of the motion.

*S. A. York,* contra.

FOSTER, J.   Some of the claims made by the plaintiff as to points decided in the court below, are clearly on questions

of fact, not of law, and so cannot be reviewed here. Whether the parties intended to put their contract in writing or not, and whether they did so or not, are simple matters of fact.

The language of the motion is perhaps not perfectly clear as to whether the oral testimony which the plaintiff offered as to the representations made by the defendant, before the sale of the horse, were finally admitted or rejected. As we understand the motion, this testimony was received. The record states that it was received subject to objection, and it is nowhere stated that it was afterwards ruled out. It is stated that the court overruled all the claims of the plaintiff, but that allegation is satisfied if we interpret it to mean that the court found no fraud in the representations made by the defendant to induce the sale, all the claims of the plaintiff of course being summed up in the charge of fraud, and no fraud having been found, there was nothing to take the case out of the general rule which regards all anterior and contemporaneous representations as merged in the written contract.

If the testimony is considered as received, the plaintiff must be held to have had the benefit of it. We cannot revise the decision which the court made as to its effect, even though the decision might not be in accordance with our views. Certainly no foundation can thus be laid for a motion in error or for a new trial.

It is difficult to see how a contract can be partly oral and partly in writing. As to age and soundness, the plaintiff asked for a written warranty, and the defendant gave it. There is no claim that there has been any breach of that warranty. Nor is there any complaint as to the representations made that the horse worked well in double harness. He did so. The plaintiff undertook to drive him in single harness, and he was found restive, not broken, and entirely unsafe. It is found that this was well known to the defendant. Here is the ground of complaint. It is however also found that the defendant told the plaintiff that the horse required some breaking to drive single. No fraud, as matter of fact, is found by the court below, and we cannot, on this finding, as matter of law, pronounce that the defendant has

committed a fraud. The plaintiff attempted to break this horse to single harness, and failed to accomplish it. There is nothing in the finding which proves that the defendant made any representations on that subject with intent to deceive the plaintiff. Being notified, as the plaintiff was, that the horse was not broken to single harness, there was enough to put him upon enquiry, and if he apprehended difficulty in so breaking him, it was his privilege to demand a warranty on that subject. As he did not demand such warranty, it seems but a natural inference that the plaintiff was willing to take on himself the risk of breaking the horse to single harness.

Upon the whole, we are of opinion that there is no error in the judgment below, and that the motion for a new trial should not be granted.

In this opinion the other judges concurred.